UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHARLES CASEY #217482, <br> and those similarly situated <br> <br> v. <br> <br> SULLIVAN COUNTY JAIL and <br> SHERIFF WAYNE ANDERSON | ) <br> ) <br> ) <br> ) NO. 2:05-CV-235 <br> ) <br> ) <br> ) |

## MEMORANDUM and ORDER

Charles Casey, a prisoner in the Sullivan County jail, brings this *pro se* civil rights case and proposed class action for injunctive relief under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of $250.00 under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

            <u>or</u>

    (b)    twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on September 12, 2005.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office. [1] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is imprisoned, to ensure compliance with the above fee-assessment procedures.

In his standardized complaint form, the plaintiff alleges that the Sullivan County jail does not offer educational, vocational, or self-improvement programs or GED classes. He specifically complains that inmates have no opportunity to participate in a rehabilitative mental health program. Although the Court is mindful that a *pro se* complaint must be liberally construed, the plaintiff has not claimed a deprivation cognizable under § 1983.

In an action brought pursuant to 42 U.S.C. § 1983, the initial burden of the plaintiff is to allege the deprivation of a constitutionally protected right, privilege, or immunity. However, there is no constitutional right to vocational or educational

---

[1] Send the payments to:  Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

2

programs in prison. *Rhodes v. Chapman*, 452 U.S. 337 (1981). By the same token, an inmate has no right to participate in rehabilitative programs. Carter v. Corrections Corp. of America, 187 F.3d 635, 1999 WL 427352, **1 (6th Cir. June 15, 1999) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976)); *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985). Therefore, this claim lacks an arguable basis in law and is frivolous within the meaning of 28 U.S.C. § 1915(d). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

**ENTER**:

THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

3